Arkola Bauxite Company v. Horn.

Opinion delivered December 21, 1931.

*W. A. Utley,* for appellant.

*Horace Chamberlin* and *W. R. Donham,* for appellees.

BUTLER, J. We adopt the statement of the case made by counsel for the appellant, which is as follows:

"Appellees claim that, during the months of April and May, 1928, they entered into written leases with appellant granting the privilege of mining and operating for bauxite and other minerals, claiming that by the terms of said leases the appellant obligated itself to remove from said lands three thousand tons of ore per year, minimum, or in lieu thereof to pay the sum of fifteen hundred dollars, either of which would keep said lease in force and effect; that the appellant entered upon said lands and opened up a mine and took therefrom and shipped a car of bauxite, and each of said appellees state that certain payments were made to them, approximately $1,000 each, which paid, as they state, their rentals to about March 1, 1929, and thereafter appellant did not do any mining or operating of any kind and made no further payments. Each of said appellees seek to have their respective leases canceled and possession of said leases restored to them, and also to collect the amount stipulated in said leases which appellant could have paid and have kept said leases in force and effect from year to year, had it desired to do so.

"Appellant's contention is that appellees waived their right to collect said amounts or to have said leases canceled, since, owing to the depressed economic conditions, they had permitted payments to be deferred or rather withheld, and for this reason were not entitled to have said leases canceled; or, if entitled to have said leases canceled, they were not entitled to recover the amounts provided in said leases which appellant could have paid and have kept same in full force and effect."

That part of the lease material to the questions presented is as follows: "It is agreed that this lease shall remain in force as long as bauxite, kaolin and other min-

erals are produced from said lands in paying quantities by the lessee, and/or if lessee shall commence operations at any time while this lease is in force, this lease shall remain in force and its terms shall continue so long as such operations continue with due diligence, said lessee agreeing to mine and take from said lands a minimum of three thousand (3,000) tons per year, or in lieu thereof, to pay lessor the sum of $1,500 per year, which sum shall operate as a rental and cover the privilege of continuing this lease in force and effect from year to year on the same terms and conditions as herein set forth.''

There is no dispute as to the facts in these cases. The lease of the appellee, Mrs. Louella Horn, was made on the 25th day of May, 1928, and that of the appellee, Roy Bizzell, on April 25, 1928. The appellant, Arkola Bauxite Company, entered upon the demised premises and installed equipment thereon and built houses to the value of approximately $30,000, and began mining operations and removed a few tons of ore when it shut down its plant and has not operated it since. It paid Mrs. Horn $1,000 and Bizzell the rents for the year 1928 and $200 to apply on the rents for 1929.

The chancellor rendered judgment in favor of the appellees in the amount of the sums claimed as damages for breach of the leases, estimating the damages to be such as would have accrued for rents, and decreed the cancellation of the several leases.

It is clear that the appellant breached the leases by failing to take from the lands the minimum annual tonnage and failed to pay in lieu thereof the sums agreed upon. This entitled the lessors to sue in a court of equity for a cancellation of the leases and to recover damages for breach of same. The contract itself fixed the measure of damages which was $1,500 a year. This case is ruled by the doctrine announced in the case of *Miller* v. *Mauney*, 150 Ark. 161, 234 S. W. 498, as follows: ''In the construction of mineral leases such as is involved in this case, the authorities uniformly hold that there is an implied obligation on the part of the lessee to pro-

ceed with the search and also with the development of the land with reasonable diligence according to the usual course of such business, and that a failure to do so amounts in effect to an abandonment and works a forfeiture of the lease. * * * They may go into a court of equity to cancel the contract and recover any incidental damages; they may in a separate action at law sue for damages for breach of the contract; or they may treat the contract as rescinded and sue to recover possession of the property.''

The appellant argues that the payments of $1,500 per year would not be due until the second year, that is, that under the terms of the lease they would have a year in which to explore the lease and prepare to mine the ore and the $1,500 a year would accrue only in and during the second year. The appellant has called to our attention no provision of the lease to warrant this position, and indeed there is no such provision. We think the interpretation of the chancellor of that part of the lease which we have quoted is the correct one. The decree is therefore affirmed.